JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BRIAN J. MCDONNELL

## DEFENDANTS
NEW JERSEY TRANSIT RAIL OPERATIONS

(b) County of Residence of First Listed Plaintiff: MONMOUTH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ESSEX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
William J. Fox, Esquire
Law Offices of William J. Fox, P.C.
1626 Pine Street, Philadelphia, PA 19103 (215) 546-2477

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
ADEA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 9/29/17
SIGNATURE OF ATTORNEY OF RECORD: W J Fox

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __57 Center Avenue, Leonardo, NJ 07737__

Address of Defendant: __1 Penn Plaza East, Newark NJ 07102__

Place of Accident, Incident or Transaction:_____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))
          Yes☐    No x

Does this case involve multidistrict litigation possibilities?          Yes☐    No X
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____
Civil cases are deemed related when yes is answered to any of the following questions:
1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐    No x
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
    action in this court?          Yes☐    No x
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
    terminated action in this court?          Yes☐    No x
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐    No x

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
 2. ☐ FELA
 3. ☐ Jones Act-Personal Injury
 4. ☐ Antitrust
 5. ☐ Patent
 6. ☐ Labor-Management Relations
 7. ☐ Civil Rights
 8. ☐ Habeas Corpus
 9.   Securities Act(s) Cases
 10.  Social Security Review Cases
 11. ☑ All other Federal Question Cases
     (Please specify) _ADEA_

B. Diversity Jurisdiction Cases:
 1. ☐ Insurance Contract and Other Contracts
 2. ☐ Airplane Personal Injury
 3. ☐ Assault, Defamation
 4. ☐ Marine Personal Injury
 5. ☐ Motor Vehicle Personal Injury
 6. ☐ Other Personal Injury (Please specify)
 7. ☐ Products Liability
 8. ☐ Products Liability — Asbestos
 9. ☐ All other Diversity Cases
        (Please specify)

## ARBITRATION CERTIFICATION
(Check appropriate Category)

I, __William J. Fox, Esquire__ counsel of record do hereby certify:

 ☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
 ☑ Relief other than monetary damages is sought.

DATE: _9/29/17_          _____W.J.Fox_____          __69898__
                          Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _09/29/2017_          _____W.J.Fox_____          __69898__
                             Attorney-at-Law             Attorney I.D.#
CIV. 609 (6/08)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| BRIAN J. MCDONNELL | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| NEW JERSEY TRANSIT RAIL OPERATIONS | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.           ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                      ( X )

| 9-29-2017 | William J. Fox | Brian J. McDonnell |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215).546.2477 | (215) 546.4698 | wjf@billfoxlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN J. McDONNELL<br>57 Center Avenue<br>Leonardo, NJ 07737 | :<br>:<br>: NO.<br>: |
| Plaintiff | : |
| v. | : |
| NEW JERSEY TRANSIT<br>RAIL OPERATIONS<br>1 Penn Plaza East<br>Newark, NJ 07102 | :<br>:<br>:<br>: |
| Defendant | : |

## COMPLAINT

1. Plaintiff, Brian J. McDonnell, is 54 years of age, a citizen and resident of the United States and New Jersey and is employed by Defendant as a Senior Quality Control Specialist.

2. Defendant, New Jersey Transit Rail Operations, is a public transportation corporation and maintains its headquarters at the above-captioned address.

3. Jurisdiction over the federal claims is invoked pursuant to 28 USC § 1343, 1331 and 29 USC §§ 626(c)(1), 1140, 29 USC § 1001, et seq. and over the state law claims pursuant to the doctrine of supplemental jurisdiction.

4. A Charge of Discrimination was timely filed against Defendants, alleging age discrimination and retaliation, with the Equal Employment Opportunity Commission and more than 180 days has elapsed since the filing of the charge.

5. This action properly lies in the District Of New Jersey, Civil Division, pursuant to 28 USC §§ 1391(c), 29 USC 1132(e), because the Plaintiff resides and worked for Defendant in New Jersey and Defendant Employer conducts business, has significant contacts in New Jersey

1

and is subject to personal jurisdiction in New Jersey.

## FACTS

6. In 1984, Plaintiff was hired by Defendant and has worked for Defendant continuously since that time.

8. On multiple occasions, Plaintiff has applied for new jobs, promotions and other assignments with Defendant Employer.

9. Since at least 2013, Plaintiff has been denied each such application or request for promotion and/or transfer to a different position. Most, if not all, of these positions included a substantial pay increase.

10. Each of these positions has been filled by workers substantially younger than Plaintiff.

11. Since at least 2013, Plaintiff has complained internally on multiple occasions about being subjected to age discrimination with regard to the terms and conditions of his employment with Defendant Employer.

12. In December of 2016, Plaintiff filed a charge of discrimination alleging that:

    a. he had been denied promotions due to his age; and,

    b. he had been retaliated against when denied for these promotions because he had previously complained to Defendant of age discrimination.

13. At all times relevant, Plaintiff has performed his job duties at or above expectations and was well qualified for the promotions he sought.

14. At all times relevant, Plaintiff engaged in protected activity when he complained of age discrimination to management and employees of Defendant.

15. The failure of Defendant to promote Plaintiff and to deny him pay increases was based on his age and retaliatory in violation of the ADEA and the New Jersey Law Against Discrimination.

16. Any reasons that Defendants had or will articulate for failing to promote Plaintiff and increase his pay are false and constitute a pretext.

17. Defendants' aforementioned actions constitute discrimination and retaliation in violation of the ADEA and the LAD.

18. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has lost and continues to lose compensation and benefits from Defendant Employer.

## COUNT I - ADEA

19. Plaintiff hereby incorporates by reference paragraphs 1 through 18 of this Complaint as though same were fully set forth at length herein.

20. At all times relevant Plaintiff was well qualified for his position and the jobs he applied for.

21. Since 2013, Plaintiff has been denied each job he has applied for and each opportunity for a promotion and higher pay. At the time of these denials, Plaintiff's age ranged from 50 to 54.

22. On multiple occasions, Plaintiff engaged in protected activity and complained to management that he was being denied promotions and higher wages because of his age. Defendant ignored and failed to respond to Plaintiff's complaints of age discrimination.

23. Any reasons articulated for the failure to promote Plaintiff or pay Plaintiff higher wages are false and constitute a pretext.

3

24. Substantially younger employees than Plaintiff were offered these jobs and were paid substantially more wages than Plaintiff earns and these younger employees continue to be paid substantially higher pay than Plaintiff.

25. Defendant's repeated refusal to promote Plaintiff and pay him higher wages constitutes retaliation.

26. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from his treatment by Defendant unless Defendant is enjoined by this Court.

27. The denial of Plaintiff the aforesaid promotions and higher pay was because of Plaintiff's age, in violation of 29 U.S.C. § 623(a) (1) *et. seq.* and, therefore, entitles Plaintiff to relief.

28. The actions of Defendant constitute willful violations of 29 U.S.C. § 623 and, as such, entitles the Plaintiff to recover liquidated damages.

29. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has lost and continues to lose compensation and benefits.

## COUNT III - STATE LAW CLAIMS

30. Plaintiff incorporates by reference paragraphs 1 through 29 of this Complaint as though same were fully set forth at length herein.

31. Defendants have at all times material to the foregoing claims acted wilfully and with malice toward Plaintiff. The Defendants knew, or reasonably should have known, that the aforementioned conduct was in violation of the laws of New Jersey and the United States. The Defendants knew, or reasonably should have known, that Plaintiff was subject to discrimination;

yet, Defendants took no action to cease their wrongful conduct and, in fact, committed further acts designed to cover up the patent discrimination against Plaintiff because of his age. Accordingly, Plaintiff is entitled to compensatory damages.

49. Defendant's aforementioned actions are in violation of the New Jersey Law Against Discrimination.

## JURY TRAIL

Plaintiff demands a jury trial of twelve jurors.

**WHEREFORE**, Plaintiff, Brian J. McDonnell, respectfully requests that this honorable Court enter an order providing the following:

a. That Plaintiff recover from Defendant back pay with interest, front pay, compensatory damages, loss benefits, loss fringe benefits, liquidated damages and such other monetary relief the Court deems just;

b. That Plaintiff recover from Defendant his costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law; and

c. That the Court grant such other relief, including equitable and injunctive relief, as it deems just and proper.

_____
WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
Attorney for Plaintiff
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477

Date: 9/29/17

5